**United States District Court**
**District of Massachusetts**

```
_____
                               )
SABAH AKAR, SAWUSAN I. AKAR,    )
T.F., a minor child by her      )
mother and next friend SAWUSAN  )
I. AKAR, N.F., a minor child by )   Civil Action No.
her mother and next friend,     )   10-10539-NMG
SAWUSAN I. AKAR,                )
         Plaintiffs,            )
                                )
         v.                     )
                                )
FEDERAL NATIONAL MORTGAGE       )
ASSOCIATION a/k/a FANNIE MAE,   )
WELLS FARGO BANK, N.A., HARMON  )
LAW OFFICES, P.C., NORTHEAST    )
ABSTRACT SERVICES, INC. and     )
HAMMOND RESIDENTIAL REAL ESTATE,)
LLC,                            )
         Defendants.            )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

The Reports and Recommendations from Magistrate Judge Judith G. Dein are thorough and in almost every respect persuasive.  The Court, however, declines to accept her conclusion that defendant Wells Fargo, N.A. ("Wells Fargo") can be held liable for intentional infliction of emotional distress ("IIED") for its foreclosure of the mortgage on plaintiffs' residence.[1]

---

[1] The Court recognizes that Defendant Harmon Law Offices, P.C. ("Harmon") has objected to the Magistrate Judge's conclusion that it may be liable for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., based upon the applicable one-year statute of limitations, 15 U.S.C. §

To maintain a cause of action for intentional infliction of emotional distress ("IIED") under Massachusetts law, a plaintiff must offer proof of conduct that is "extreme and outrageous beyond all bounds of decency." Agis v. Howard Johnson Co., 355 N.E.2d 315, 318-19 (Mass. 1976). For conduct to rise to such a level requires more than tortious or criminal intent or even a degree of malice that may entitle a plaintiff to punitive damages for a different tort. Doyle v. Hasbro, Inc., 103 F.3d 186, 195 (1st Cir. 1996).

Here, plaintiffs allege that Wells Fargo conducted a foreclosure sale after repeatedly assuring them that the sale would be postponed while their loan modification request was pending. Magistrate Judge Dein concluded that the alleged false promises potentially support a claim for IIED and that the plaintiffs should have an opportunity to take discovery in order to show that "making repeated promises that it failed to fulfill could be considered extreme and outrageous."

This Court respectfully disagrees. Although such behavior supports plaintiffs' claims for bad faith, misrepresentation and/or violation of Chapter 93A, the facts alleged do not warrant a finding of extreme and outrageous conduct that is "beyond all bounds of decency" or "utterly intolerable in a civilized

---

1692k(d). Because that defense was not raised in Harmon's motion to dismiss, and thus was not before the Magistrate Judge, the Court deems it to be waived.

community." See Foley v. Polaroid Corp., 400 Mass. 82, 99 (Mass. 1987); see also Parker v. Bank of America, No. 11-1838, 2011 WL 6413615, at *3, *12 (Mass. Super. Dec. 16, 2011) (allegations of false or broken promises from bank could give rise to claim for fraud but did not constitute extreme or outrageous conduct).

**ORDER**

In accordance with the foregoing, and after consideration of the objections thereto, the Court ACCEPTS and ADOPTS, in part, and REJECTS, in part, the Magistrate Judge's Report and Recommendation (Docket No. 49) with respect to the motions for judgment on the pleadings filed by Wells Fargo and Fannie Mae. The Court accepts the recommendation that Fannie Mae's Motion for Judgment on the Pleadings (Docket No. 40) be allowed and that Wells Fargo's Motion for Judgment on the Pleadings (Docket No. 38) be allowed with respect to Counts I, III, IV and X but denied with respect to Counts V, VI, VII, VIII, IX and XII.

The Court declines to accept the Magistrate Judge's Recommendation that Wells Fargo's motion for judgment on the pleadings (Docket No. 38) be denied with respect to Count XI and will, instead, enter judgment in favor of Wells Fargo on that Count.

**So ordered.**

        /s/ Nathaniel M. Gorton
        Nathaniel M. Gorton
        United States District Judge

Dated February 8, 2011